IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| BRANDON LEE SMITH, | : | |
| Plaintiff | : | |
| VS. | : | |
| VIRGINIA WILLIAMS, | : | NO. 7:08-cv-76 (HL) |
| Defendant | : | **O R D E R** |

Plaintiff **BRANDON LEE SMITH** has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. In compliance with this Court's previous orders, plaintiff has supplemented his complaint (Tab #s 5, 9, & 10).

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing

one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon v. King & Spalding***, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See **Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. BACKGROUND

Plaintiff brings this action alleging that on an unspecified date in April of this year, while he was confined at the Thomas County Jail, defendant Virginia Williams (the jail administrator) denied plaintiff blood pressure medication. In answer to this Court's questions, plaintiff explained that his low blood pressure was a one-time occurrence and that he has never been prescribed medication for low blood pressure. Plaintiff's only injury from the alleged improper medical care is that he suffered headaches. Plaintiff requests "50 grand."

## III. DISCUSSION

Deliberate indifference to serious medical needs by prison personnel may constitute an Eighth Amendment violation, but only when it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." ***Harris v. Thigpen***, 941 F.2d 1495, 1505 (11th Cir.1991). To prove he was denied medical treatment in violation of the Eighth Amendment, plaintiff must show (1) an objectively serious medical need that, left unattended, poses a substantial risk of serious harm, and (2) that the response made by public officials to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state

law.  *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir.2000).

Plaintiff's allegations do not meet the above standard and are therefore insufficient to state a claim of deliberate indifference to his medical needs by Virginia Williams.  Even if Ms. Williams refused to give plaintiff low blood pressure medication that plaintiff believed was appropriate, plaintiff does not allege facts supporting the inference that his condition constitutes a serious medical need. Moreover, plaintiff has not alleged any significant injuries as a result of the allegedly deficient care.

The Court notes that plaintiff is proceeding *pro se* and thus his complaint is entitled to be examined with lesser scrutiny than if he were represented by an attorney.  *Haines v. Kerner*, 404 U.S. 519 (1972).  In the present case, however, even construing the complaint in favor of plaintiff and giving plaintiff two opportunities to supplement his complaint, plaintiff simply has not alleged sufficient facts to allow this case to go forward.

## IV.  CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 30th day of July, 2008.

> *s/  Hugh Lawson*
> HUGH LAWSON
> UNITED STATES DISTRICT JUDGE

cr